**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| IN RE: ) | 23-00378-ELG |
| ) | |
| BROUGHTON CONSTRUCTION CO., LLC ) | CHAPTER 7 |
| ) | |
| Debtor. ) | |
| ) | |
| WENDELL W. WEBSTER, chapter 7 Trustee, ) | |
| c/o Justin P. Fasano, Esq. ) | |
| McNamee Hosea, P.A. ) | |
| 6404 Ivy Lane, Suite 820 ) | |
| Greenbelt, MD 20770 ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Adv. Proc. No. 25- |
| ) | |
| TAMLA KIRKLAND, ) | |
| 12807 Greenes Promise Court ) | |
| Bowie MD 20720 ) | |
| ) | |
| Defendant. ) | |

**COMPLAINT TO AVOID TRANSFERS, TO RECOVER PROPERTY,**
**AND FOR RELATED RELIEF**

Wendell W. Webster, Trustee ("Trustee") of the Chapter 7 bankruptcy estate of Broughton Construction Co., LLC ("Broughton") or ("Debtor"), by his undersigned counsel, files this Complaint to Avoid Transfers, to Recover Property, and for Related Relief pursuant to sections 502, 544, 547 and 550 of 11 U.S.C. § 101, et seq. (the "Bankruptcy Code") seeking a money judgment and disallowance of any claim of the Defendant Tamla Kirkland against the Debtor and/or its estate, and for cause, states as follows:

1

## JURISDICTION

1. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334.

2. Venue lies properly in this Court pursuant to 28 U.S.C. § 1409.

3. This matter arises under a case under title 11 and is a core proceeding pursuant to 28 U.S.C. § 157.

4. The Trustee consents to the entry of final judgments and orders by the United States Bankruptcy Court for the District of Columbia.

## THE PARTIES

5. The Plaintiff is Wendell W. Webster, in his capacity as trustee of the Chapter 7 bankruptcy estate of the Debtor.

6. Tamla Kirkland (the "Defendant") is a person as defined in 11 U.S.C. § 101(41) residing in and/or conducting business in the United States and, at all times material hereto, maintained a business relationship with the Debtor.

7. Defendant is an individual. Defendant resides in Maryland.

## FACTUAL BACKGROUND

8. This bankruptcy case commenced December 15, 2023 when the Debtor filed a voluntary petition for bankruptcy relief under Chapter 7 of the United States Code (the "Bankruptcy Code").

9. The Debtor was insolvent since at least December 15, 2019. On May 19, 2017, Industrial Bank extended a commercial revolving line of credit to the Debtor in the original maximum principal amount of $2,300,000.00 (the "$2.3MM Line of Credit"). On June 15, 2018,

2

Industrial Bank extended a commercial term loan to BCC in the original principal amount of $2,441,744.25.

10. While the $2.3MM Line of Credit and the Term Loan remained outstanding, on or about July 9, 2021, the Debtor entered into a Purchase Agreement (the "CFG Purchase Agreement") with CFG Merchant Solutions, LLC ("CFG"), whereby (a) the Debtor purported to sell to CFG its future accounts receivable in the amount of $675,000.00 for a discounted purchase price of $500,000.00. On or about November 12, 2021, the Debtor entered into a Future Receivables Purchase and Sale Agreement (the "CloudFund Purchase Agreement #1") with CloudFund, LLC ("CloudFund"), whereby the Debtor purported to sell to CloudFund its future accounts receivable in the amount of $437,700.00 for a discounted purchase price of $300,000.00.

11. Additionally, on April 27, 2020, the Debtor borrowed $490,000 from the Small Business Administration pursuant to an Economic Injury Disaster Loan on which the Debtor never made any payments.

12. On December 20, 2021, the Debtor borrowed $500,000 from Tamla Kirkland.

13. On April 5, 2022, Industrial Bank extended to the Debtor a $3 million line of credit (the "$3MM Loan and Security Agreement").

14. At all times since December 15, 2019, the Debtor's assets, although overstated by the Debtor, were valued at less than $3 million.

15. At all times since December 15, 2019, the Debtor was in default to Industrial Bank as a result of overstating its accounts receivable, purportedly selling its receivables to merchant cash advance companies, and other material defaults.

16. General unsecured creditors of the Debtors will receive less than the full value of their claims in this case.

17. Defendant is the former wife of Casey Stringer, the managing member of the Debtor.

18. Defendant has made personal loans to Casey Stringer as well as business loans to the Debtor. Casey Stringer has continued to pay back the Defendant on the personal loans despite her debts being subject to Mr. Stringer's bankruptcy.

19. Further, Mr. Stringer paid funds to the Defendant's defunct company from his share of an inheritance from his father by disguising the payment as a payment for renovation of a property.

20. Defendant lent funds to the Debtor at 0% interest (at least until default) and allowed the Debtor to use her credit card for both sizable and routine expenses.

21. Defendant was an employee of the Debtor until Broughton was out of business and continued to work for a successor to the Debtor after Broughton went out of business.

22. Defendant was the resident agent for the Debtor in Maryland.

23. On or about December 12, 2017, the Debtor entered into a "Bridge Laon and Revolving Credit Agreement" (the "BLRCA") with the Debtor.

24. In November and December 2021, supposedly pursuant to the BLRCA, the Defendant lent $650,000.00 to the Debtor. Additionally, the Defendant lent smaller amounts of funds to the Debtor at later times.

25. Between December 15, 2022 and the Petition Date, in addition to her regular salary, the Debtor paid $219,654.05 in satisfaction of amounts due under the BLRCA.

## COUNT ONE
### (To Avoid Preferential Transfers Pursuant to 11 U.S.C. § 547(b) and Recover Preferential Transfers Pursuant to 11 U.S.C. § 550)

26. The Trustee adopts and incorporates by reference the allegations in the paragraphs above as if fully set forth herein.

27. During the one year period prior to the Petition Date (the "Preference Period"), the Debtor made one or more transfers to or for the benefit of the Defendant, including without limitation those payments set forth on **Exhibit A**, together with any other payments that may be subsequently identified (collectively, the "Transfers").[1]

28. The Transfers were transfers of cash of the Debtor which was an interest of the Debtor's property, and were made for or on the account of an antecedent debt owed by the Debtor to the Defendant at the time of the Transfers.

29. Defendant was an insider of the Debtor.

30. At the time of the Transfers, the Debtor was insolvent (as that term is defined and used in sections 101(32) and 547 of the Bankruptcy Code).

31. As a result of the Transfers, the Defendant received more than she would have received if the Debtor's bankruptcy cases were cases under chapter 7 of the Bankruptcy Code, the Transfers had not been made, and the Defendant had received payment on its debt to the extent provided by the provisions of the Bankruptcy Code.

32. The Defendant was the initial transferee of the Transfers.

---

[1] Exhibit A reflects the Trustee's current knowledge of the Transfers (made by check, wire transfer or their equivalent) to the Defendant during the Preference Period. During the course of this proceeding, the Trustee may learn (through discovery or otherwise) of additional transfers made to the Defendant during the Preference Period. It is the Trustee's intention to avoid and recover all such transfers, whether such transfers are presently reflected on Exhibit A or not. Accordingly, the Trustee reserves her rights to supplement and/or amend this information as necessary and appropriate.

33. The Transfers constitute avoidable preferential transfers under 11 U.S.C. § 547 and the Transfers are recoverable from the Defendant pursuant to 11 U.S.C. § 550.

34. The Trustee has undertaken reasonable due diligence based on the circumstances of this case taking into account any known or reasonably knowable affirmative defenses.

WHEREFORE, the Trustee respectfully requests that the Court enter judgment against the Defendant in the amount of the Transfers, and award it its costs and fees for the filing of this Complaint.

## COUNT TWO – FRAUDULENT CONVEYANCE – 11 U.S.C. § 544(b) AND D.C. CODE § 28-3105(b)

35. The Debtor realleges and incorporates all paragraphs above as if set forth in full herein.

36. The Transfers constitutes transfers of the Debtor's interest in property.

37. The Transfer was to or for the benefit of the Defendant, who was a creditor of the Debtor at the time of the Transfer.

38. As demonstrated above, the Transfers were made at a time when the Debtor was insolvent. Further, because the Debtor had defaulted on the note to Industrial Bank and the Small Business Administration, it was not paying its debts as they came due and thus, was insolvent under DC Code § 28-3102(b).

39. The Transfers were made to an insider as defined in DC Code § 28-3101(7)(B)(i).

40. The Transfer was made while the Debtor was insolvent.

41. Defendant was, or should have been, aware that the Debtor was insolvent at the time of the Transfers.

42. The Transfers constitutes avoidable fraudulent conveyances pursuant to 11 U.S.C. § 544 and DC Code § 28-3105(b), and the purported Transfers are therefore avoidable.

WHEREFORE, the Trustee respectfully requests that the Court enter judgment against the Defendant in the amount of the Transfers, and award it its costs and fees for the filing of this Complaint.

## COUNT THREE
### (To Disallow Claims Pursuant to 11 U.S.C. § 502(d))

43. The Trustee adopts and incorporates by reference the allegations in the paragraphs above as if fully set forth herein.

44. Defendant was the initial transferee of the Transfers and/or the persons for whose benefit the Transfers were made.

45. Defendant has not paid to the Trustee an amount equal to the aggregate amount of the Transfers.

46. Pursuant to 11 U.S.C. § 502(d), any claims of Defendant against the Debtor or their estates, must be disallowed until such time as Defendant pays to the estate an amount equal to the aggregate amount of the avoidable Transfers.

Dated:  December 13, 2025                     Respectfully submitted

/s/ Justin P. Fasano
Justin P. Fasano (DCB # MD21201)
McNamee Hosea, P.A.
6404 Ivy Lane, Suite 820
Greenbelt, MD 20770
(301) 441-2420
jfasano@mhlawyers.com
*Counsel to the Trustee*

## **EXHIBIT A**

| Date sent | Date posted | Bank | Amount |
|---|---|---|---|
| 12/21/2022 | 12/21/2022 | M&T | $60,000.00 |
| 1/17/2023 | 1/18/2023 | M&T | $50,000.00 |
| 2/10/2023 | 2/15/2023 | Industrial Bank | $20,000.00 |
| 2/24/2023 | 2/28/2023 | M&T | $18,645.05 |
| 3/17/2023 | 3/20/2023 | M&T | $50,000.00 |
| 4/6/2023 | 4/10/2023 | M&T | $10,000.00 |
| 4/20/2023 | 4/25/2023 | M&T | $5,000.00 |
| 6/16/2023 | 6/20/2023 | United Bank | $6,000.00 |