**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| IN RE: ) | 23-00378-ELG |
| ) | |
| BROUGHTON CONSTRUCTION CO., LLC ) | CHAPTER 7 |
| ) | |
|    Debtor. ) | |
| ) | |
| ) | |
| WENDELL W. WEBSTER, chapter 7 Trustee, ) | |
| c/o Justin P. Fasano, Esq. ) | |
| McNamee Hosea, P.A. ) | |
| 6404 Ivy Lane, Suite 820 ) | |
| Greenbelt, MD 20770 ) | |
| ) | |
|    Plaintiff, ) | |
| ) | |
| vs. ) | Adv. Proc. No. 25- |
| ) | |
| JAYCEE DEVELOPMENT LLC, ) | |
| c/o Steven Buckman ) | |
| 1808 Florida Avenue NW ) | |
| Washington, DC, 20009 ) | |
| ) | |
| And ) | |
| ) | |
| JAMES CRAWFORD, ) | |
| 1995 Park Place SE, #415 ) | |
| Atlanta, GA, 30339 ) | |
| ) | |
|    Defendant. ) | |

**COMPLAINT TO AVOID TRANSFERS, TO RECOVER PROPERTY,**
**AND FOR RELATED RELIEF**

Wendell W. Webster, Trustee ("Trustee") of the Chapter 7 bankruptcy estate of Broughton Construction Co., LLC ("Broughton") or ("Debtor"), by his undersigned counsel, files this Complaint to Avoid Transfers, to Recover Property, and for Related Relief pursuant to sections 502, 544, 547 and 550 of 11 U.S.C. § 101, et seq. (the "Bankruptcy Code") seeking a money

1

judgment and disallowance of any claim of the Defendants Jaycee Development, LLC and James Crawford against the Debtor and/or its estate, and for cause, states as follows:

## JURISDICTION

1. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334.

2. Venue lies properly in this Court pursuant to 28 U.S.C. § 1409.

3. This matter arises under a case under title 11 and is a core proceeding pursuant to 28 U.S.C. § 157.

4. The Trustee consents to the entry of final judgments and orders by the United States Bankruptcy Court for the District of Columbia.

## THE PARTIES

5. The Plaintiff is Wendell W. Webster, in his capacity as trustee of the Chapter 7 bankruptcy estate of the Debtor.

6. Jaycee Development LLC (the "Jaycee") is a person as defined in 11 U.S.C. § 101(41) residing in and/or conducting business in the United States and, at all times material hereto, maintained a business relationship with the Debtor.

7. James Crawford ("Mr. Crawford," and collectively with Jaycee, the "Defendants") is a person as defined in 11 U.S.C. § 101(41) residing in and/or conducting business in the United States and, at all times material hereto, maintained a business relationship with the Debtor.

**FACTUAL BACKGROUND**

8. This bankruptcy case commenced December 15, 2023 when the Debtor filed a voluntary petition for bankruptcy relief under Chapter 7 of the United States Code (the "Bankruptcy Code").

9. The Debtor was insolvent since at least December 15, 2019. On May 19, 2017, Industrial Bank extended a commercial revolving line of credit to the Debtor in the original maximum principal amount of $2,300,000.00 (the "$2.3MM Line of Credit"). On June 15, 2018, Industrial Bank extended a commercial term loan to BCC in the original principal amount of $2,441,744.25.

10. While the $2.3MM Line of Credit and the Term Loan remained outstanding, on or about July 9, 2021, the Debtor entered into a Purchase Agreement (the "CFG Purchase Agreement") with CFG Merchant Solutions, LLC ("CFG"), whereby (a) the Debtor purported to sell to CFG its future accounts receivable in the amount of $675,000.00 for a discounted purchase price of $500,000.00. On or about November 12, 2021, the Debtor entered into a Future Receivables Purchase and Sale Agreement (the "CloudFund Purchase Agreement #1") with CloudFund, LLC ("CloudFund"), whereby the Debtor purported to sell to CloudFund its future accounts receivable in the amount of $437,700.00 for a discounted purchase price of $300,000.00.

11. Additionally, on April 27, 2020, the Debtor borrowed $490,000 from the Small Business Administration pursuant to an Economic Injury Disaster Loan on which the Debtor never made any payments.

12. On December 20, 2021, the Debtor borrowed $500,000 from Tamla Kirkland.

13. On April 5, 2022, Industrial Bank extended to the Debtor a $3 million line of credit (the "$3MM Loan and Security Agreement").

14. At all times since December 15, 2019, the Debtor's assets, although overstated by the Debtor, were valued at less than $3 million.

15. At all times since December 15, 2019, the Debtor was in default to Industrial Bank as a result of overstating its accounts receivable, purportedly selling its receivables to merchant cash advance companies, and other material defaults.

16. General unsecured creditors of the Debtors will receive less than the full value of their claims in this case.

17. Between December 15, 2019 and the Petition Date (the "Avoidance Period"), the Debtor paid $3,580,499.98 to Defendants as set forth in Exhibit A (the "Transfers") [1]. No documentation has been provided to the Trustee providing for the obligation to pay such Transfers and the Trustee therefore asserts no documentation exists.

## COUNT ONE
### (Avoidance And Recovery Of Fraudulent Transfers Pursuant To 11 U.S.C. §§ 548 and 550)

18. The Trustee adopts and incorporates by reference the allegations above as if fully set forth herein.

19. Certain of the Transfers were made within two years prior to the filing of the Debtor's bankruptcy petition (the "Two Year Transfers").

20. In exchange for the Two Year Transfers, Debtor received no consideration deemed valuable in law because the Debtor had no obligation to pay the Two Year Transfers.

21. The Transfers were made with the intent to hinder, delay and/or defraud creditors.

---

[1] Exhibit A reflects the Trustee's current knowledge of the Transfers (made by check, wire transfer or their equivalent) to the Defendant during the Avoidance Period. During the course of this proceeding, the Trustee may learn (through discovery or otherwise) of additional transfers made to the Defendant during the Preference Period. It is the Trustee's intention to avoid and recover all such transfers, whether such transfers are presently reflected on Exhibit A or not. Accordingly, the Trustee reserves her rights to supplement and/or amend this information as necessary and appropriate.

22. At the time of and immediately after the Two Year Transfers, the Debtor had unreasonably small capital.

23. At the time of and immediately after the Two Year Transfers, the Debtor intended or believed that it would incur debts beyond its ability to pay as they matured.

24. The Two Year Transfers were made when the Debtor was insolvent.

25. The Transfers are avoidable transfer pursuant to 11 U.S.C. § 548

26. The Defendant is the initial transferee of the Two Year Transfers or the entity for which such benefit the Two Year Transfers was made.

27. The Transfers constituted or implemented avoidable fraudulent transfers pursuant 11 U.S.C. § 548 and the Transfers must be avoided and returned to the Debtor's Chapter 7 estate pursuant to 11 U.S.C. §§ 548 and 550.

## COUNT TWO
### (Avoidance And Recovery Of Fraudulent Transfers Pursuant To 11 U.S.C. §§ 544 and 550 and D.C Code §§ 28-3104 And 28-3105)

28. The Trustee adopts and incorporates by reference the allegations above as if fully set forth herein.

29. The Transfers were made within four years prior to the filing of the Debtor's bankruptcy petition.

30. In exchange for the Transfers, Debtor received no consideration deemed valuable in law because the Debtor had no obligation to pay the Transfers.

31. The Transfers were made with the intent to hinder, delay and/or defraud creditors.

32. At the time of and immediately after the Transfers, the Debtor had unreasonably small capital.

33. At the time of and immediately after the, the Debtor intended or believed that it would incur debts beyond its ability to pay as they matured.

34. The Transfers were made when the Debtor was insolvent.

35. There exists at least one creditor of the Debtor, that could avoid the Transfers under D.C. Code §§ 28-3104 and 28-3105, including Industrial Bank.

36. The Transfers are avoidable transfer pursuant to 11 U.S.C. § 544 and D.C. Code §§ 28-3104 and 28-3105.

37. The Defendants are the initial transferees of the Transfers or the entity for which such benefit the Transfers was made.

38. The Transfers constituted or implemented avoidable fraudulent transfers pursuant to D.C. Code §§ 28-3104 and 28-3105 and the Transfers must be avoided and returned to the Debtor's Chapter 7 estate pursuant to 11 U.S.C. §§ 544 and 550 and D.C. Code §§ 28-3104 and 28-3105.

**WHEREFORE**, Plaintiff requests that judgment be entered,

a. Avoiding the Transfers as fraudulent transfers pursuant to 11 U.S.C. §§ 544 and 550 and D.C. Code §§ 28-3104 and 28-3105; and

b. Granting judgment against the Defendant pursuant to 11 U.S.C. § 550 in the amount equal to the Transfers, plus costs.

Dated: December 14, 2025                    Respectfully submitted

/s/ Justin P. Fasano
Justin P. Fasano (DCB # MD21201)
McNamee Hosea, P.A.
6404 Ivy Lane, Suite 820
Greenbelt, MD 20770
(301) 441-2420
jfasano@mhlawyers.com
*Counsel to the Trustee*

## **EXHIBIT A**

| Date posted | Amount |
|---|---|
| 9/20/19 | $25,800.00 |
| 12/26/19 | $15,000.00 |
| 12/26/19 | $25,000.00 |
| 1/3/20 | $30,800.00 |
| 1/13/20 | $15,000.00 |
| 1/27/20 | $15,000.00 |
| 1/30/20 | $25,000.00 |
| 2/24/20 | $10,000.00 |
| 2/24/20 | $15,000.00 |
| 5/1/20 | $10,000.00 |
| 5/1/20 | $40,000.00 |
| 6/1/20 | $1.01 |
| 6/1/20 | $49,999.00 |
| 6/1/20 | $49,999.99 |
| 6/8/20 | $10,000.00 |
| 6/8/20 | $44,000.00 |
| 7/15/20 | $10,000.00 |
| 7/15/20 | $40,000.00 |
| 7/20/20 | $25,000.00 |
| 7/20/20 | $25,000.00 |
| 7/23/20 | $25,000.00 |
| 7/30/20 | $25,800.00 |
| 8/11/20 | $25,000.00 |
| 8/12/20 | $25,000.00 |
| 8/21/20 | $25,000.00 |
| 9/4/20 | $25,000.00 |
| 9/4/20 | $25,000.00 |
| 9/9/20 | $25,000.00 |
| 9/10/20 | $25,000.00 |
| 9/18/20 | $25,000.00 |
| 9/18/20 | $25,000.00 |
| 9/24/20 | $25,000.00 |
| 10/13/20 | $25,000.02 |
| 10/13/20 | $49,999.99 |
| 10/13/20 | $49,999.99 |
| 10/21/20 | $25,000.00 |
| 10/29/20 | $25,000.00 |

| Date posted | Amount |
|---|---:|
| 11/9/20 | $25,000.00 |
| 11/23/20 | $14,200.00 |
| 11/23/20 | $35,800.00 |
| 12/1/20 | $3,400.00 |
| 12/1/20 | $21,600.00 |
| 12/22/20 | $26,600.00 |
| 1/5/21 | $12.500.02 |
| 1/5/21 | $49,999.99 |
| 1/5/21 | $49,999.99 |
| 1/6/21 | $1,000,000.00 |
| 4/9/21 | $15,000.00 |
| 4/29/22 | $247,500.00 |
| 10/24/22 | $60,000.00 |
| 9/9/22 | $75.00 |
| 9/12/22 | $74,925.00 |
| 9/19/22 | $1,000,000.00 |