**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| IN RE: ) | 23-00378-ELG |
| ) | |
| BROUGHTON CONSTRUCTION CO., LLC ) | CHAPTER 7 |
| ) | |
|     Debtor. ) | |
| ) | |
| WENDELL W. WEBSTER, chapter 7 Trustee, ) | |
| c/o Justin P. Fasano, Esq. ) | |
| McNamee Hosea, P.A. ) | |
| 6404 Ivy Lane, Suite 820 ) | |
| Greenbelt, MD 20770 ) | |
| ) | |
|     Plaintiff, ) | |
| ) | |
|     vs. ) | Adv. Proc. No. 25- |
| ) | |
| R13 COMMUNITY PARTNERS LLC, ) | |
| c/o Agents and Corporations, Inc. ) | |
| 1201 Orange Street Suite 600 ) | |
| One Commerce Center ) | |
| Wilmington DE 19801 ) | |
| ) | |
|     Defendant. ) | |
| ) | |
| BRP Hill East Development LLC, ) | |
| c/o C T CORPORATION SYSTEM ) | |
| 1015 15TH STREET NW, Suite 1000 ) | |
| Washington, DC, 20005 ) | |
| ) | |
| Frontier Development and Hospitality ) | |
| Group LLC, ) | |
| c/o Charles Evens ) | |
| 3467 14th Street, NW, Suite #1 ) | |
| Washington, DC, 20010 ) | |
| ) | |
| and ) | |
| ) | |
| U Street Parking, Inc. ) | |
| c/o HENOK TESFAYE ) | |
| 1208 9th STREET NW ) | |
| Washington, DC, 20001 ) | |

1

## COMPLAINT TO AVOID TRANSFERS, TO RECOVER PROPERTY, AND FOR RELATED RELIEF

Wendell W. Webster, Trustee ("Trustee") of the Chapter 7 bankruptcy estate of Broughton Construction Co., LLC ("Broughton") or ("Debtor"), by his undersigned counsel, files this Complaint to Avoid Transfers, to Recover Property, and for Related Relief pursuant to sections 502, 544, 547, 548 and 550 of 11 U.S.C. § 101, et seq. (the "Bankruptcy Code") seeking a declaratory or money judgment against Defendants, and for cause, states as follows:

### JURISDICTION

1. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334.

2. Venue lies properly in this Court pursuant to 28 U.S.C. § 1409.

3. This matter arises under a case under title 11 and is a core proceeding pursuant to 28 U.S.C. § 157.

4. The Trustee consents to the entry of final judgments and orders by the United States Bankruptcy Court for the District of Columbia.

### THE PARTIES

5. The Plaintiff is Wendell W. Webster, in his capacity as trustee of the Chapter 7 bankruptcy estate of the Debtor.

6. R13 Community Partners LLC ("R13") is a person as defined in 11 U.S.C. § 101(41) residing in and/or conducting business in the United States and, at all times material hereto, maintained a business relationship with the Debtor. R13 is a Delaware limited liability company doing business in the District of Columbia.

7. BRP Hill East Development LLC, Frontier Development and Hospitality Group LLC, U Street Parking, Inc. are each members of R13, doing business in the District of Columbia.

## FACTUAL BACKGROUND

3. This bankruptcy case commenced December 15, 2023 when the Debtor filed a voluntary petition for bankruptcy relief under Chapter 7 of the United States Code (the "Bankruptcy Code").

4. The Debtor was insolvent since at least December 15, 2019. On May 19, 2017, Industrial Bank extended a commercial revolving line of credit to the Debtor in the original maximum principal amount of $2,300,000.00 (the "$2.3MM Line of Credit"). On June 15, 2018, Industrial Bank extended a commercial term loan to BCC in the original principal amount of $2,441,744.25.

5. While the $2.3MM Line of Credit and the Term Loan remained outstanding, on or about July 9, 2021, the Debtor entered into a Purchase Agreement (the "CFG Purchase Agreement") with CFG Merchant Solutions, LLC ("CFG"), whereby (a) the Debtor purported to sell to CFG its future accounts receivable in the amount of $675,000.00 for a discounted purchase price of $500,000.00. On or about November 12, 2021, the Debtor entered into a Future Receivables Purchase and Sale Agreement (the "CloudFund Purchase Agreement #1") with CloudFund, LLC ("CloudFund"), whereby the Debtor purported to sell to CloudFund its future accounts receivable in the amount of $437,700.00 for a discounted purchase price of $300,000.00.

6. Additionally, on April 27, 2020, the Debtor borrowed $490,000 from the Small Business Administration pursuant to an Economic Injury Disaster Loan on which the Debtor never made any payments.

7. On December 20, 2021, the Debtor borrowed $500,000 from Tamla Kirkland.

8. On April 5, 2022, Industrial Bank extended to the Debtor a $3 million line of credit (the "$3MM Loan and Security Agreement").

9. At all times since December 15, 2019, the Debtor's assets, although overstated by the Debtor, were valued at less than $3 million.

10. At all times since December 15, 2019, the Debtor was in default to Industrial Bank as a result of overstating its accounts receivable, purportedly selling its receivables to merchant cash advance companies, and other material defaults.

11. General unsecured creditors of the Debtors will receive less than the full value of their claims in this case.

12. On or about June 21, 2022, Charles Evens formed Defendant in the State of Delaware.

13. On or about July 22, 2022, the Debtor, BRP Hill East Development LLC, Frontier Development and Hospitality Group LLC, U Street Parking, Inc., H2 Design Build, LLC, and A. Wash & Associates Inc. entered into a Memorandum of Understanding for Joint Venture Partnership in order to govern the affairs of the Defendant, and its response to a request for a proposal for the disposition and redevelopment of real property known as the Hill East Bunder II, Washington DC estimated to include, *inter alia*, 1005 rental units and 60,000 square feet of retail space. **Exhibit A (to be filed under seal).**

14. The Debtor was given a 3% interest in R13 and was listed as one of the equity owners in the Defendant in its marketing materials and response to the Request for Proposal.

15. Debtor paid funds for its interest in R13 and paidcertain expenses of R13 in responding to the proposal

16. R13's response was ultimate selected as the winning response.

17. No operating agreement was ever executed, and the Memorandum of Understanding for Joint Venture Partnership continues to govern R13.

18. BRP Hill East Development LLC, Frontier Development and Hospitality Group LLC, and U Street Parking, Inc. are the sole remaining members of R13.

19. On August 28, 2023, Casey Stringer, the sole member of the Debtor, filed for Chapter 7 bankruptcy, case no. 23-00239. As a result of Mr. Stringer's bankruptcy, his interest in the Debtor became property of his bankruptcy estate.

20. On October 3, 2023, Mr. Stringer sent a letter purporting to "withdraw" the Debtor from R13 (the "Withdrawal"). **Exhibit B.** The Debtor received no consideration for its purported withdrawal.

21. The Debtor filed for bankruptcy on December 15, 2023, 73 days later.

## COUNT ONE
### (Declaratory Judgment)

22. The Trustee adopts and incorporates by reference the allegations above as if fully set forth herein.

23. The Trustee believes but requires a determination by the Court that the Withdrawal did not result in the transfer of the Debtor's 3% interest in R13.

24. There is no document purporting to assign the 3% interest in R13.

25. At the time of the Withdrawal, Casey Stringer lacked authority to cause the Debtor to withdraw from R13 or transfer its interest therein.

WHEREFORE, the Trustee requests that judgment be entered against the Defendants:

a. Declaring the 3% interest in R13 to be an asset of the estate; and

b. Granting such other and further relief as is just and proper.

## COUNT TWO
### (Fraudulent Conveyance)

26. The Trustee adopts and incorporates by reference the allegations above as if fully set forth herein.

27. The Withdrawal constituted and/or effectuated a transfer of the Debtor's interest in property.

28. Prior to the Withdrawal, Debtor owned a 3% interest in R13.

29. The Withdrawal was made within two years prior to the filing of the Debtor's bankruptcy petition.

30. In exchange for the Withdrawal, Debtor received no consideration deemed valuable in law because the Debtor had no obligation to withdraw and did not receive any value from making any transfer that resulted from the Withdrawal.

31. The Withdrawal was made with the intent to hinder, delay and/or defraud creditors.

32. At the time of and immediately after the Withdrawal, the Debtor had unreasonably small capital.

33. At the time of and immediately after the Withdrawal, the Debtor intended or believed that it would incur debts beyond its ability to pay as they matured.

34. The Withdrawal was made when the Debtor was insolvent.

35. The Withdrawal pand the transfers resulting therefrom, constitute avoidable fraudulent transfers pursuant to 11 U.S.C. § 548 and any transfer of the 3% interest in R13

resulting therefrom must be avoided and returned to the Debtor's Chapter 7 estate pursuant to 11 U.S.C. §§ 548 and 550.

**WHEREFORE**, Plaintiff requests that judgment be entered,

a.  Avoiding any transfer resulting from the Withdrawal as a fraudulent transfer pursuant to 11 U.S.C. § 548; and

b.  Granting judgment against the Defendants pursuant to 11 U.S.C. § 550 in the amount equal to the amount transferred as a result of such transfer, plus costs.

### COUNT THREE
**(Avoidance And Recovery Of Fraudulent Transfers Pursuant To 11 U.S.C. §§ 544 and 550 and D.C Code §§ 28-3104 And 28-3105)**

36. The Trustee adopts and incorporates by reference the allegations above as if fully set forth herein.

37. The Withdrawal constituted and/or effectuated a transfer of the Debtor's interest in property.

38. Prior to the Withdrawal, Debtor owned a 3% interest in R13.

39. The Withdrawal was made within four years prior to the filing of the Debtor's bankruptcy petition.

40. In exchange for the Withdrawal, Debtor received no consideration deemed valuable in law because the Debtor had no obligation to withdraw and did not receive any value from making any transfer that resulted from the Withdrawal.

41. The Withdrawal was made with the intent to hinder, delay and/or defraud creditors.

42. At the time of and immediately after the Withdrawal, the Debtor had unreasonably small capital.

43. At the time of and immediately after the resignation, the Debtor intended or believed that it would incur debts beyond its ability to pay as they matured.

44. The resignation was made when the Debtor was insolvent.

45. There exists at least one creditor of the Debtor, that could avoid the Withdrawal under D.C. Code §§ 28-3104 and 28-3105, including Industrial Bank.

46. The Withdrawal is an avoidable transfer pursuant to 11 U.S.C. § 544 and D.C. Code §§ 28-3104 and 28-3105.

47. The Defendants are the initial transferees of the assets transferred as a result of the Withdrawal or the entities for which such benefit the Withdrawal was made.

48. The Withdrawal constituted or implemented avoidable fraudulent transfers pursuant to D.C. Code §§ 28-3104 and 28-3105 and any transfer of the 3% interest in R13must be avoided and returned to the Debtor's Chapter 7 estate pursuant to 11 U.S.C. §§ 544 and 550 and D.C. Code §§ 28-3104 and 28-3105.

**WHEREFORE**, Plaintiff requests that judgment be entered,

a. Avoiding any transfer resulting from the Debtor's Withdrawal as a fraudulent transfer pursuant to 11 U.S.C. § 544 and D.C. Code §§ 28-3104 and 28-3105; and

b. Granting judgment against the Defendants pursuant to 11 U.S.C. § 550 in the amount equal to the amount transferred as a result of such transfer, plus costs.

### COUNT FIVE
**(To Avoid Preferential Transfers Pursuant to 11 U.S.C. § 547(b) and Recover Preferential Transfers Pursuant to 11 U.S.C. § 550)**

49. The Trustee adopts and incorporates by reference the allegations in the paragraphs above as if fully set forth herein.

50.     During the ninety period prior to the Petition Date (the "Preference Period"), the Debtor made the Withdrawal.

51.     The Withdrawal was a transfer of assets of the Debtor.

52.     Defendants may raise the defense to the above fraudulent conveyance claims that the Withdrawal was made for or on the account of an antecedent debt owed by the Debtor to the Defendants at the time of the Withdrawal.

53.     At the time of the Withdrawal, the Debtor was insolvent (as that term is defined and used in sections 101(32) and 547 of the Bankruptcy Code).

54.     As a result of the Withdrawal, the Defendants received more than they would have received if the Debtor's bankruptcy case was a case under chapter 7 of the Bankruptcy Code, the Withdrawal had not been made, and the Defendant had received payment on its debt to the extent provided by the provisions of the Bankruptcy Code.

55.     The Defendants were the initial transferees of the Withdrawal.

56.     The Withdrawal constitute avoidable preferential transfers under 11 U.S.C. § 547 and the value of the Withdrawal is recoverable from the Defendants pursuant to 11 U.S.C. § 550.

57.     The Trustee has undertaken reasonable due diligence based on the circumstances of this case taking into account any known or reasonably knowable affirmative defenses.

WHEREFORE, the Trustee respectfully requests that the Court enter judgment against the Defendants in the amount of the value of the Withdrawal, and award it its costs and fees for the filing of this Complaint.

Dated:  December 14, 2025                           Respectfully submitted

/s/ Justin P. Fasano
Justin P. Fasano (DCB # MD21201)
McNamee Hosea, P.A.
6404 Ivy Lane, Suite 820
Greenbelt, MD 20770
(301) 441-2420
jfasano@mhlawyers.com
*Counsel to the Trustee*