IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In Re: | ) | |
| | ) | |
| Broughton Construction Co., LLC, | ) | Case No. 23-00378-ELG |
| | ) | |
|     Debtor. | ) | |
| | ) | |
| Wendell W. Webster, Chapter 7 Trustee, | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | |
| vs. | ) | Adv. Proc. 25-10052-ELG |
| | ) | |
| Jaycee Development LLC, et al. | ) | |
| | ) | |
|     Defendants. | ) | |

## ANSWER

Defendants, Jaycee Development LLC ("Jaycee") and James Crawford ("Crawford") (collectively "Defendants"), by and through their undersigned Counsel, hereby answer the *Complaint to Avoid Transfers, to Recover Property, and for Related Relief* ("Complaint") filed by Wendell W. Webster, Chapter 7 Trustee ("Trustee") of Broughton Construction Co., LLC ("Debtor"), Adversary Proceeding 25-10052-ELG:

    1.    Admitted.

    2.    Admitted.

    3.    Admitted.

    4.    The Defendants are not able to admit or deny what the Trustee consents to and therefore deny paragraph 4.

    5.    Admitted.

6. Defendant Jaycee admits it is a person as defined by 11 U.S.C. § 101(41) and admits it resides in and conducts business in the United States. Defendant Jaycee denies all other allegations in paragraph 6.

7. Defendant Crawford admits he is a person as defined by 11 U.S.C. § 101(41) and admits he resides in and conducts business in the United States. Defendant Crawford denies all other allegations in paragraph 7.

8. Admitted.

9. Defendants deny the first sentence of paragraph 9 and demand strict proof thereof. Defendants have no knowledge of the remaining allegations in paragraph 9 and therefore deny the remainder of paragraph 9.

10. Defendants have no knowledge of the allegations in paragraph 10 and therefore deny paragraph 10.

11. Defendants have no knowledge of the allegations in paragraph 11 and therefore deny paragraph 11.

12. Defendants have no knowledge of the allegations in paragraph 12 and therefore deny paragraph 12.

13. Defendants have no knowledge of the allegations in paragraph 13 and therefore deny paragraph 13.

14. Denied and demand strict proof of the allegations in paragraph 14.

15. Defendants have no knowledge of the allegations in paragraph 15 and therefore deny paragraph 15.

16. Defendants have no knowledge of the allegations in paragraph 16 and therefore deny paragraph 16.

17. Denied. Trustee alleges he has not been provided documentation of Defendants' obligations to make payments or transfers to Debtor and alleges no documentation exists. Both allegations are known by the Trustee and his Counsel to be false and misleading.

18. No answer by the Defendants is required.

19. Denied. Exhibit A is vague, ambiguous and incomprehensible. Exhibit A fails to identify who paid what amounts to whom or the purpose of any alleged payments or transfers.

20. Denied and demand strict proof of the allegations in paragraph 20.

21. Denied and demand strict proof of the allegations in paragraph 21.

22. Denied and demand strict proof of the allegations in paragraph 22.

23. Denied and demand strict proof of the allegations in paragraph 23.

24. Denied and demand strict proof of the allegations in paragraph 24.

25. Denied and demand strict proof of the allegations in paragraph 25.

26. Denied as vague and ambiguous.

27. Denied and demand strict proof of the allegations in paragraph 27.

28. No answer by the Defendants is required.

29. Denied. Exhibit A is vague, ambiguous and incomprehensible. Exhibit A fails to identify who paid what amounts to whom or the purpose of any alleged payments or transfers.

30. Denied and demand strict proof of the allegations in paragraph 30.

31. Denied and demand strict proof of the allegations in paragraph 31.

32. Denied and demand strict proof of the allegations in paragraph 32.

33. Denied and demand strict proof of the allegations in paragraph 33.

34. Denied and demand strict proof of the allegations in paragraph 34.

35. Denied and demand strict proof of the allegations in paragraph 35.

36. Denied and demand strict proof of the allegations in paragraph 36.

37. Denied as vague and ambiguous.

38. Denied.

39. Denied. Exhibit A is vague, ambiguous and incomprehensible. Exhibit A fails to identify who paid what amounts to whom or the purpose of any alleged payments or transfers.

### FIRST DEFENSE

40. The Complaint fails to state facts sufficient to constitute a cause of action upon which relief may be granted and should be dismissed.

### SECOND DEFENSE

41. The Plaintiff's claims are barred in whole or in part because the Complaint fails to plead with sufficient particularity or specificity as required under Federal Rule of Civil Procedure 9 and applicable statutes. The claims should be dismissed.

### THIRD DEFENSE

42. Defendants give notice they will move to amend this Answer to assert other defenses or claims should additional defenses or claims arise through discovery or continued fact investigation.

[Remainder of Page Intentionally Blank]

Dated: January 5, 2026

Jaycee Development LLC
James Crawford, Individually
By Counsel:

**KUTAK ROCK LLP**

/s/ *Craig B. Young*
Craig B. Young (D.C. Bar 379788)
1133 Connecticut Avenue, NW, Suite 1200
Washington, D.C. 20036
(202) 828-2400
craig.young@kutakrock.com

**BUCKMANLEGAL , PLLC**
Steven M. Buckman (D.C. Bar 321133)
1808 Florida Avenue, NW
Washington, D.C. 20009
(202) 351-6100 Ext. 2
buckman@buckmanlegal.com

### Certificate of Service

I hereby certify on January 5, 2026 a copy of the foregoing Answer was filed with this Court, served on the following through CM/ECF and separately served, pursuant to agreement of the Parties, by electronic mail on:

Wendell W. Webster, Chapter 7 Trustee
Webster & Fredrickson PLLC
1101 Connecticut Avenue, NW, Suite 402
Washington, D.C. 20036
wwebster@websterfredrickson.com

Justin P. Fasano, Esquire
McNamee Hosea, P.A.
6404 Ivy Lane, Suite 820
Greenbelt, MD 20770
jfasano@mhlawyers.com
*Counsel for the Trustee*

Christopher L. Rogan, Esquire
RoganMillerZimmerman, PLLC
50 Catoctin Circle, NE, Suite 300
Leesburg, VA 20176
crogan@RMZLawFirm.com
*Counsel for the Debtor*

/s/ *Craig B. Young*
Craig B. Young