# SETTLEMENT AGREEMENT

THIS SETTLEMENT AGREEMENT (hereinafter the "Agreement") is made this 4th day of February, 2026, by and between Wendell W. Webster, in his capacity as the Chapter 7 Trustee (the "Trustee") of the Chapter 7 bankruptcy estate of Broughton Construction Co., LLC (the "Debtor"), on the one hand, and Tamla Kirkland ("Ms. Kirkland") on the other hand. The Trustee and Ms. Kirkland are referred to hereinafter collectively as the "Parties."

## RECITALS

### The Debtor

WHEREAS, on December 15, 2023 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 7 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Columbia (the "Bankruptcy Court") (Case No. 23-00378-ELG) (the "Bankruptcy Case");

WHEREAS, on the Trustee was thereafter appointed as the trustee by the Office of the United States Trustee;

WHEREAS, the Debtor's Bankruptcy Case is presently pending in the Bankruptcy Court;

### Background

WHEREAS, prior to the Petition Date, the Debtor made various payments to Ms. Kirkland within one year of the bankruptcy which the Trustee has asserted are subject to clawback pursuant to 11 U.S.C. §547 and related statutes (the "Preference Claims")

WHEREAS, in connection with the Preference Claims, the Trustee and Ms. Kirkland have asserted various claims and defenses and each denies liability to the other;

WHEREAS, the Trustee and Ms. Kirkland desire to fully resolve and settle any all claims between them relating to, *inter alia*, the Preference Claims on the terms set forth herein; and

WHEREAS, the Trustee and Ms. Kirkland have negotiated and reached this Agreement in good faith.

### THE AGREEMENT

**NOW, THEREFORE,** in consideration of the mutual releases set forth herein and the payment of certain sums provided herein by Ms. Kirkland to the Trustee, which the Trustee and Ms. Kirkland agree is good and valuable consideration for the various covenants and understandings set forth in this Agreement, it is hereby agreed by the Parties as follows:

1. Settlement Payment: Ms. Kirkland will pay to the Trustee the total sum of $12,000.00 (the "Payment"). The Payment shall be made payable to *Wendell W. Webster, Chapter 7 trustee,* and sent to Justin P. Fasano, Esquire, McNamee Hosea, P.A., 6404 Ivy Lane, Suite 820, Greenbelt MD 20770, in three equal monthly installments of $4,000.00, with the first installment

due ten (10) business days after execution of this Agreement, the second within forty (40) calendar days after execution of this Agreement, and the third within seventy (70) calendar days after execution of this Agreement. This Agreement shall be not be binding on the Trustee until the entry of a final and non-appealable order of the Bankruptcy Court approving the terms and conditions of the Agreement pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Final Order"). In the event that the Bankruptcy Court denies approval of this Agreement, then the Agreement shall be null and void, and the Trustee shall return the Payment (or any Payment installments) to Ms. Kirkland. Nothing contained herein shall require any Party to appeal disapproval of this Agreement. Within fifteen (15) calendar days following receipt of the Payment in full by the Trustee and approval of the Agreement, the Parties shall file a stipulation of dismissal of any pending litigation with prejudice.

2. <u>Release by Trustee</u>: Upon receipt by the Trustee of the Payment in full and approval of this Agreement by the Bankruptcy Court, the Trustee, on behalf of the Debtor's estate, shall release and forever discharge Ms. Kirkland from each and every right, claim, debt, cause of action, demand, suit for damages, liability, legal fee, act or right of action of any nature whatsoever, whether asserted or unasserted, known or unknown, that the Debtor or the Trustee made, could have made, or is able to make against Ms. Kirkland arising under, relating to or concerning the Preference Claims through the date hereof, provided that the foregoing release will not apply to any obligation arising under this Agreement or to claims arising from or relating to the breach of this Agreement. The release contained in this paragraph only applies to Ms. Kirkland but does not release any other person.

3. <u>Release by Ms. Kirkland</u>: Upon payment in full of the Payment and approval of this Agreement by the Bankruptcy Court, Ms. Kirkland hereby releases and forever discharges (i) the Trustee, (ii) the Debtor, and (iii) the Debtor's estate, from each and every right, claim, debt, cause of action, demand, suit for damages, liability, legal fee, act or right of action of any nature whatsoever, whether asserted or unasserted, known or unknown, that Ms. Kirkland made, could have made, or is able to make against the Trustee, the Debtor, or the Debtor's estate arising under, relating to or concerning the Preference Claims, including any claim against the Debtor's estate pursuant to 11 U.S.C. § 502(h), provided that the foregoing release will not apply to any obligation arising under this Agreement or to claims arising from or relating to the breach of this Agreement.

4. <u>Predecessors, Successors, and Assigns</u>: All persons or business entities granting releases hereby include any assignee, predecessor in interest, or successor in interest of the respective grantor. All persons or business entities released hereby include any predecessor in liability or successor in liability for the released liability.

5. <u>Reservation of Unrelated Claims</u>: This Agreement shall not be extended to or construed as a release by the Trustee of anyone other than Ms. Kirkland as set forth in Paragraph 2 above.

6. <u>Understanding and Counsel</u>: The Parties represent and warrant that (i) they have read and understand the terms of this Agreement, (ii) they have been represented by counsel with respect to this Agreement and all matters covered by and relating to it, (iii) they have entered into this Agreement for reasons of their own and not based upon representations of any other party hereto and (iv) they have full authority and right to grant the releases expressed herein and to bind the parties in all respects to this agreement.

2

7. <u>Legal Fees and Costs</u>: Each of the Parties shall pay its own respective costs and attorneys' fees incurred with respect to the claims resolved by this Agreement and this Agreement.

8. <u>Entire Agreement</u>: This Agreement constitutes the entire agreement with respect to the subject matter addressed herein and supersedes any prior written and/or verbal agreements between the Parties.

9. <u>Amendments</u>: This Agreement may not be orally modified. This Agreement may only be modified in a writing signed by all of the Parties.

10. <u>Headings</u>: All headings and captions in this Agreement are for convenience only and shall not be interpreted to enlarge or restrict the provisions of the Agreement.

11. <u>Construction</u>: As used herein, the plural shall include the singular, and the singular shall include the plural, unless the context or intent indicates to the contrary. "Person" shall include natural persons, corporations, partnerships, and/or any other entity which by law is treated as or has the rights of a natural person.

12. <u>Waiver and Modification</u>: The failure of the Parties to insist, in any one or more instances, upon the strict performance of any of the covenants of this Agreement, or to exercise any option herein contained, shall not be construed as a waiver, or a relinquishment for the future of such covenant or option, but the same shall continue and remain in full force and effect.

13. <u>Jurisdiction</u>: By this Agreement, each of the Parties submits to the jurisdiction of the United States Bankruptcy Court for the District of Columbia for any action to enforce or interpret this Agreement, and consents to the entry of final orders and judgments thereby.

14. <u>Counterparts and Facsimile Signatures</u>: This Agreement may be executed in counterparts and all such counterparts when so executed shall together constitute the final Agreement as if one document had been signed by all of the Parties. This Agreement may be executed by facsimile or pdf copy and each signature thereto shall be and constitute an original signature, again as if all Parties had executed a single original document.

15. <u>Further Necessary Actions</u>: To the extent that any document is required to be executed by any Party to effectuate the purposes of this Agreement, the Party will execute and deliver such document or documents to the requesting Party.

16. <u>Actions to Enforce</u>: Should any action be brought by one of the Parties to enforce any provision of this Agreement, the non-prevailing party to such action shall reimburse the prevailing party for all reasonable attorneys' fees and court costs and other expenses incurred by the prevailing party in said action to enforce.

17. <u>Applicable Law</u>: This Agreement shall be construed and interpreted in accordance with the laws of the District of Columbia. This Agreement shall not be construed against any of the Parties, but shall be given a reasonable interpretation.

The Bankruptcy Estate of Broughton
Construction Co., LLC

By: _____   Dated: 2/4/2026

Name: Wendell W. Webster

Title: Chapter 7 Trustee


Tamla Kirkland

By: _____   Dated: 2/3/2026


4934-9274-2538, v. 4