IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| IN RE: | ) | 23-00378-ELG |
|  | ) |  |
| BROUGHTON CONSTRUCTION CO., LLC | ) | CHAPTER 7 |
|  | ) |  |
| Debtor. | ) |  |
|  | ) |  |

**MOTION FOR APPROVAL OF COMPROMISE AND
SETTLEMENT BETWEEN THE TRUSTEE
AND TAMLA KIRKLAND**

COMES NOW Wendell W. Webster, Chapter 7 Trustee ("Trustee") of the bankruptcy estate of Broughton Construction Co., LLC ("Debtor"), by and through his counsel, McNamee Hosea, P.A., and, pursuant to Federal Rule of Bankruptcy Procedure 9019, files this Motion ("Motion") for Approval of Compromise and Settlement between the Trustee and Tamla Kirkland ("Ms. Kirkland"), respectfully submits the following:

1. This case commenced on December 15, 2023 when the Debtor filed a voluntary petition for relief under Chapter 7 of the United States Bankruptcy Court.

2. Wendell W. Webster is the Trustee of the Debtor's Chapter 7 estate.

3. Ms. Kirkland is the former wife of the Debtor's managing member, Casey Stringer and a former employee of the Debtor. Ms. Kirkland divorced Mr. Stringer in 2005

---

Janet M. Nesse (D.C. Bar 358514)
Justin P. Fasano (DC Bar MD21201)
McNamee Hosea, P.A.
6404 Ivy Lane, Suite 820
Greenbelt, MD 20770
(301) 441-2420
jnesse@mhlawyers.com
jfasano@mhlawyers.com
*Counsel to the Trustee*

4. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 157. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

5. On or about December 12, 2017, the Debtor, Mr. Stringer and Ms. Kirkland entered into a "Bridge Loan and Revolving Credit Agreement" whereby Ms. Kirkland agreed to lend up to $500,000 to the Debtor.

6. Ms. Kirkland provided documentation to the Trustee indicating that she and her companies advanced over $1.9 million to the Debtor and is still owed over $400,000.00.

7. During the one year period prior to the bankruptcy, Ms. Kirkland received just under $200,000 in payments from the Debtor. However, none of the payments were made within 90 days of the bankruptcy. The payments are set forth below.

| Date sent | Date posted | Bank | Amount |
|---|---|---|---|
| 12/21/2022 | 12/21/2022 | M&T | $60,000.00 |
| 1/17/2023 | 1/18/2023 | M&T | $50,000.00 |
| 2/10/2023 | 2/15/2023 | Industrial Bank | $20,000.00 |
| 2/24/2023 | 2/28/2023 | M&T | $18,645.05 |
| 3/17/2023 | 3/20/2023 | M&T | $50,000.00 |
| 4/6/2023 | 4/10/2023 | M&T | $10,000.00 |
| 4/20/2023 | 4/25/2023 | M&T | $5,000.00 |
| 6/16/2023 | 6/20/2023 | United Bank | $6,000.00 |
| Total | | | $199,645.05 |

8. After taking the deposition of Ms. Kirkland, the Trustee believes he is likely to face difficulty proving she was an insider as required to avoid preferential transfers made within one year but more than ninety days before a bankruptcy. Ms. Kirkland divorced Mr. Stringer almost 20 years ago. They have no children together. She began working for the Debtor in 2017, but never held an officer or director position. She testified she did not have access to the Debtor's finances.

9. Further, Ms. Kirkland would have a partial subsequent new value defense and she has claimed an inability to pay a larger judgment. It is believed her main asset is a retirement account which could be exempted. However, these are secondary concerns. The main reason for settlement is the difficulties the Trustee would have proving Ms. Kirkland was an insider.

10. The Trustee and Ms. Kirkland and have engaged in settlement negotiations in an effort to resolve all claims against Ms. Kirkland without litigation. Subject to approval by this Court, the Parties have agreed to settle their dispute according to the terms of settlement set forth below (the "Settlement Agreement")

   a. Ms. Kirkland will pay $12,000.00 to the estate over three months.

   b. The parties will enter into mutual releases.

   c. The settlement is contingent upon Court approval of this motion.

11. This Court may authorize parties to settle disputes in accordance with Bankruptcy Rule 9019, which provides in pertinent part that "[o]n motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement." Fed. R. Bankr. P. 9019(a). As a general rule, the law favors settlement agreements between parties. *See In re Frye*, 216 B.R. 166, 172 (Bankr. E.D. Va. 1997) (*citing Richardson v. Richardson*, 10 Va. App. 391, 399 (1990)); *Marandas v. Bishop (In re Sassalos)*, 160 B.R. 646, 653 (D. Or. 1993) (finding that compromises are generally favored in bankruptcy). In order to approve a settlement, the court must look at various factors to determine whether the settlement is in the best interest of the estate and whether it is fair and equitable. *See In re Frye*, 216 B.R. at 174; *accord In re Austin*, 186 B.R. 397, 400 (Bankr. E.D. Va. 1995); *see also St. Paul Fire & Marine Ins. Co. v. Vaughn (In re Vaughn)*, 779 F.2d 1003, 1010 (4th Cir. 1985) (approving settlement where it was "in the best interests of the estate as a whole").

12. A court should approve a settlement unless the settlement falls "below the lowest point in the range of reasonableness." *Austin*, 186 B.R. at 400 (citations omitted). A settlement may be approved even if the court finds it likely that the trustee or debtor would ultimately succeed in the litigation. *Id.* In determining whether a proposed settlement is in the best interest of the estate, the Bankruptcy Court is not to substitute its judgment for that of the movant, nor is it the Court's responsibility to decide the numerous questions of law and fact, but "rather to canvass the issues and see whether the settlement 'falls below the lowest point in the range of reasonableness . . . .'" *Cosoff v. Rodman (In re W.T. Grant Co.)*, 699 F.2d 599, 608 (2d Cir. 1983)(citation omitted); *see also In re Tennol Energy Co.*, 127 B.R. 820 (Bankr. E.D. Tenn. 1991).

13. The Settlement Agreement is in the best interests of the estate and its creditors and should be approved pursuant to Bankruptcy Rule 9019. Ms. Kirkland has asserted several defenses to the allegations raised by the Trustee, most convincingly that she is not an insider. The Trustee has reviewed and considered these defenses in connection with his settlement negotiations. The Trustee believes that litigation over her insider status would be protracted and costly considering the potential for recovery. The Settlement Agreement results in a recovery to the estate of $12,000.00, which is a reasonable portion of the amount in controversy, and reduces the inherent risks, delays and attorneys' fees and costs associated with litigation. The Trustee does not believe Ms. Kirkland has significant non-exempt assets.

14. The Trustee believes that the Settlement Agreement falls well within the range of reasonableness given the costs associated with litigating the allegations against Ms. Kirkland, and her potential defenses. The Settlement Agreement is in the best interest of the estate and its creditors and should be approved.

WHEREFORE, the Trustee respectfully requests that the Court enter an order approving the Settlement Agreement and granting such other and further relief as the Court deems just and proper.

Dated:  February 9, 2026					Respectfully submitted

/s/ Justin P. Fasano
Janet M. Nesse (D.C. Bar 358514)
Justin P. Fasano (DC Bar MD21201)
McNamee Hosea
6404 Ivy Lane, Suite 820
Greenbelt, MD 20770
(301) 441-2420
jnesse@mhlawyers.com
jfasano@mhlawyers.com
*Counsel to the Trustee*

5

**CERTIFICATE OF SERVICE**

   I hereby certify that on February 9, 2026, I served a copy of the foregoing was served via first class mail, postage prepaid, upon the following:, via prepaid, first class mail, upon the following:

Office of the U.S. Trustee
1725 Duke Street, Suite 650
Alexandria, VA 22314

               /s/ Justin P. Fasano
               Justin P. Fasano