**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **IN RE:** | ) | **23-00378-ELG** |
| **BROUGHTON CONSTRUCTION CO., LLC** | ) | **CHAPTER 7** |
| **Debtor.** | ) | |

**SECOND INTERIM APPLICATION FOR APPROVAL OF COMPENSATION AND EXPENSES OF MCNAMEE HOSEA, P.A. FOR FEBRUARY 1, 2026 THROUGH OCTOBER 12, 2026**

TO THE HONORABLE ELIZABETH L. GUNN BANKRUPTCY JUDGE:

COMES NOW Wendell W. Webster, Chapter 7 Trustee ("Trustee") of the bankruptcy estate of Broughton Construction Co., LLC ("Debtor"), by and through counsel, McNamee Hosea, P.A. ("MH"), and files this *Second Interim Application for Approval of Compensation and Expenses of McNamee Hosea, P.A. for the period February 1, 2026, through October 12, 2026* (the "Application"), which period is referred to herein as the "Application Period," and in support thereof, states as follows:

## I. NARRATIVE HISTORY AND BACKGROUND

1. On December 15, 2023 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 7 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for District of Columbia (the "Bankruptcy Court").

2. The Trustee is the duly appointed and qualified trustee of the Debtor's bankruptcy estate.

Janet M. Nesse (D.C. Bar 358514)
Justin P. Fasano (DC Bar MD21201)
McNamee Hosea
6404 Ivy Lane, Suite 820
Greenbelt, MD 20770
(301) 441-2420
jnesse@mhlawyers.com
jfasano@mhlawyers.com
*Counsel to the Trustee*

3. On December 22, 2023, the Trustee filed his Application to Employ Janet M. Nesse, Justin P. Fasano and the Law Firm McNamee Hosea, P.A. (MH) as Counsel for the Trustee (Docket No. 7). The Court entered an order granting the application on October 21, 2024 (Docket No. 32).

4. On February 7, 2024, MH filed a Motion to Approve Carve-Out for the Estate. On the same date, counsel filed ten complaints on behalf of the Trustee before the District of Columbia Contract Appeals Board against the District of Columbia Department of General Services ("DGS"), each arising from DGS's termination for convenience of contracts held by the Debtor and seeking amounts owed to the estate.

5. On February 23, 2024, MH filed a Motion for Rule 2004 Examination of United Bank, M&T Bank, and Industrial Bank, and Directing Production of Documents.

6. On April 15, 2024, MH prepared and filed motions seeking authority to sell a vehicle owned by the estate and to approve carve-out arrangements related to Employee Retention Credit ("ERC") proceeds and payment of a secured creditor.

7. On May 3, 2024, the Bankruptcy Court entered orders approving the sale of the vehicle and approving the carve-out arrangements.

8. In May and June of 2024, MH continued litigating the DGS appeals, including extensive discovery disputes and engaging in ongoing settlement discussions with DGS and other stakeholders.

9. In July and August 2024, MH monitored and prosecuted the appeals, filed additional pleadings, coordinated discovery responses, and communicated with the Trustee and interested parties regarding case status and litigation developments.

10. From September 2024 through December 2024, MH reviewed and negotiated settlement terms with the District of Columbia, coordinated approval and finalization of settlement documentation, advised the Trustee regarding resolution of the contract appeals, reviewed ERC-related payments, and filed stipulations of dismissal with the District of Columbia Contract Appeals Board, thereby concluding the DGS appeals.

11. From January 2025 through September 2025, MH continued post-settlement administration of the estate, addressing follow-up Employee Retention Credit ("ERC") and financial institution issues, and resumed Rule 2004 discovery efforts, including drafting subpoenas, reviewing document productions, coordinating service and compliance, and advising the Trustee regarding investigative results.

12. On December 14, 2025, MH drafted and filed multiple adversary complaints on behalf of the Trustee seeking recovery of preferential and fraudulent transfers.

13. In December 2025 and through October 2026, MH discussed the complaints with various counsel for defendants, conducted settlement negotiations, drafted motions to approve compromises pursuant to Rule 9019, and advised the Trustee regarding the resolution of litigation and the administration of settlement proceeds.

14. As a result of the work performed by MH, the Trustee is able to use the recovered assets to make substantial distributions to creditors.

15. By this Application, the Trustee seeks to have MH's fees allowed in the amount of $12,500.00 and expenses allowed in the amount of $1,615.57, net of billing discretion write-offs.

16. MH spent significant time during the Application Period performing services for the Trustee, which are detailed on the invoices attached as Exhibit 1 and incorporated herein by reference. The total breakdown of hours spent by MH's attorneys and paralegals is as follows:

| NAME | HOURLY RATE | HOURS BILLED | TOTAL |
|---|---|---|---|
| Justin P Fasano | $450.00 | 12.0 | $5,400.00 |
| Craig M. Palik | $425.00 | 1.8 | $810.50 |
| Kevin R. Feig | $375.00 | 16.4 | $6,150.00 |
| Cynthia Martin | $155.00 | 1.6 | $248.00 |
| Theresa A. Mackey | $155.00 | 2.4 | $372.00 |
| Kiana T. Jones | $155.00 | 0.3 | $42.00 |
| **SUBTOTAL FEES**<br>**DISCOUNT**<br>**TOTAL FEES** | | **34.5** | **$13,022.50**<br>**$522.50**<br>**$12,500.00** |

17. As reflected these invoices, to the extent possible, tasks have been assigned to associates and staff at lower billing rates resulting in an average hourly rate of $377.46.

18. MH incurred expenses totaling $1,615.57. The breakdown of the expenses billed by MH is as follows:

| EXPENSE | AMOUNT |
|---|---|
| Postage | $241.89 |
| Prints – BW | $147.50 |
| PACER Search Fee | $5.40 |
| FedEx | $103.33 |
| Filing Fees | $248.40 |
| Outside Copy charges | $27.00 |
| Deposition Costs | $842.05 |
| **TOTAL EXPENSES** | **$1,615.57** |

19. MH affirms that the fees and expenses requested by this Application are (i) for actual, reasonable, and necessary services rendered by MH, and (ii) lower than customary fees charged and generally approved by this Court for services of this nature provided by comparably skilled professionals.

20. MH submits that this Application satisfies the lodestar formula and factors set forth in § 330(a) of the Bankruptcy Code and in *Johnson v. Georgia Highway Express, Inc.,* 488 F.2d

714 (5th Cir. 1974) (as adopted by the Fourth Circuit in *Barber v. Kimbrells, Inc.,* 577 F.2d 216, 226 (4th Cir. 1978)).

21. No agreement or understanding exists between MH and any other person for the division or sharing of the compensation or expenses that are the subject of this Application.

## II. HIGHLIGHTS OF SERVICES RENDERED

**A. Asset Analysis and Recovery:** During the Application Period, MH resolved all three of its adversary proceedings, obtaining $112,000 in settlements in two of them, and a default judgment in the third.

**B. Asset Disposition:** MH was not involved in any asset disposition during the Application Period.

**C. Business Operations:** MH was not involved in any business operations in this Chapter 7 case.

**D. Case Administration:** MH was not involved in any Case Administration during the Application Period.

**E. Claims Administration and Objections:** MH was not involved in claims administration and objections in this case.

**F. Employee Benefits/Pensions:** MH did not provide services related to employee benefits or pensions in this case.

**G. Fee/Employment Applications and Objections:** During the Application Period, MH prepared and filed its first interim fee application

**H. Financing:** MH provided no service to the Trustee with respect to financing during the Application Period.

**I.** **Litigation:** During the Application Period, MH resolved all three of its adversary proceedings, obtaining $112,000 in settlements in two of them, and a default judgment in the third.

**J.** **Objection to Exemptions:** MH did not provide services related to objections to exemptions.

**K.** **Meetings of Creditors:** Not applicable.

**L.** **Plan and Disclosure Statement:** MH provided no services with respect to a Plan or Disclosure Statement as this is a Chapter 7 case.

**M.** **Relief from Stay Proceedings:** Not applicable.

## III. PRIOR APPLICATIONS FOR COMPENSATION

This is the second interim application for approval of compensation filed by MH. A previous application was allowed in the amount of $37,500.00 as compensation for services rendered, and in the additional amount of $2,171.53 for expenses.

## IV. INFORMATION REQUIRED BY RULE 2016

As required by Federal Rule of Bankruptcy Procedure 2016, MH discloses that it has not received a retainer. No other compensation was promised except for compensation on an hourly basis for services performed as set forth herein. No compensation received has been shared. There is no understanding between MH and any other entity for the sharing of compensation received or to be received for services rendered in or in connection with this case.

## V. VALUE OF SERVICES

**A.** **Computation of Value:** The services rendered by MH were important, necessary, valuable, constructive, positive and reasonable, and were all rendered with the objective of

assisting the Trustee in bringing assets into this estate. MH submits that the expenses incurred in the representation of the Trustee were reasonable, necessary and appropriate.

The fees charged and expenses advanced by MH during this Application Period, using the lodestar method of fee computation, are:

| Fees | Expenses |
|---|---|
| **$12,500.00** | **$1,615.57** |

Copies of the records of the time entries made by all of the professionals rendering service to the Trustee, along with a listing of expenses incurred, are attached hereto as **Exhibit A**.

**B. Identification of Professionals Rendering Service**: Services were primarily rendered by Justin P. Fasano (at $450/hour and $400/hour) and Kevin R. Feig ($375/hour and $325/hour).

**C. Billing Discretion:** It has been the normal practice of MH in the representation of the Trustee, as in all cases, to bill certain types of matters with discretion. Certain services do not justify billing at all, and some only at an amount reduced from the actual time spent. Although the billing records will not reflect the amounts reduced or not billed in this Application, MH is providing the Court with a narrative description of such items. On occasions in which the Trustee conferred with counsel on legal matters, time is not billed.

It is rare for MH to bill the Trustee for time spent reading incoming correspondence. Any time spent reviewing incoming material that does appear in the billing detail relates only to extraordinary pleadings, correspondence or other documents requiring immediate reply or other action. MH is not billing, in general, for review of documents issued by the Court, and has billed all conversations with employees as Trustee time, not as compensable legal time.

## VII. EVALUATION STANDARDS

MH submits that it is entitled to be paid the full amount of fees and expenses sought herein, which is already reduced to **$12,500.00**, based upon the factors established in *Johnson v. Georgia Highway Express,* 488 F.2d 714 (5th Cir. 1974) and adopted by the Fourth Circuit in *Barber v. Kimbrell's Inc.,* 577 F.2d 216 (4th Cir. 1986). *See In re Information Network, Inc.,* 465 B.R. 67 (Bankr. D. Md. 2011). MH is also entitled to the fees sought herein, based upon the Guidelines established by Appendix D to the Local Rules of this Court, as addressed in detail below:

a. Skill Required to Perform the Services Properly: MH submits that the skill and competence level required of Chapter 7 Trustee's counsel is, at a minimum, the ordinary skill and competence required of experienced bankruptcy attorneys.

b. Preclusion of Other Employment: MH was not denied the opportunity to accept representations of other clients as a result of the rendition of service to the Trustee herein.

c. Novelty and Difficulty of Questions: MH was not confronted with novel or difficult questions in the course of its representation of the Trustee in this matter.

d. Time and Labor Required: The time and labor required of MH in connection with its representation of the Trustee is set forth in the time records attached hereto as Exhibit A. The amount of compensation sought through this Application is the lodestar amount, derived from the hours actually billed on this matter, as reflected in Exhibit A.

e. The Customary Fee: MH's attorneys charged their customary rates, which are the market rate for attorneys of comparable experience and expertise. No variance from the practice of billing time at an hourly rate – e.g., through "value billing" – was ever undertaken or permitted by MH. As much work as possible was performed by associates at lower rates.

f. Fixed or Contingent: The fees charged by MH were determined at an hourly rate, based on time actually expended working on matters for the Trustee. The matter was not undertaken on any arrangement, promise, or expectation other than the anticipation of payment for services rendered on an hourly basis, to the extent allowed by this Court.

g. Experience, Reputation and Ability of the Attorneys: MH attorneys have extensive experience dealing with bankruptcy trustee, Chapter 7, and bankruptcy litigation matters before this Court (and others). MH submits that the attorneys who worked on this case are generally well-regarded among their peers, and enjoy favorable reputations.

h. Awards in Similar Cases: The compensation requested herein is similar to fee awards granted to other attorneys who have acted as counsel to trustees in cases bearing similarity to this case.

i. Time Limitations: MH was not burdened by any unusual time limitations, other than normal bankruptcy deadlines.

j. Results Obtained: MH submits that its rendition of services to the Trustee have precipitated good and economic results for the estate and the creditors. MH seeks no increment above the lodestar amount of its fees on account of the results it achieved during the Application Period.

## VIII. ABILITY TO PAY

The estate has sufficient funds with which to pay the fees and expenses sought herein.

## IX. FURTHER APPLICATION

MH intends to submit further applications for compensation in this case as additional services are rendered and additional time is incurred on behalf of the Trustee.

## X. REIMBURSEMENT OF EXPENSES

MH incurred expenses related to postage, printing, overnight mailing, service fees, PACER search fees and filing fees in the amount of **$1,615.57**, and is seeking reimbursement for these expenses. Expense reimbursement is sought herein in the amount of **$1,615.57**.

## XI. PRIOR, INTERIM AWARD

This is the second application for approval of compensation filed by MH.

WHEREFORE, the Trustee requests that this Court enter an order:

1. Approving the compensation and expenses sought herein; and
2. Granting such other and further relief as is just and proper.

Date: October 13, 2026

Respectfully submitted,

/s/ Justin P. Fasano

Justin P. Fasano (DC Bar MD21201)
Janet M. Nesse (D.C. Bar 358514)
McNamee Hosea, P.A.
6404 Ivy Lane, Suite 820
Greenbelt, MD 20770
(301) 441-2420
jfasano@mhlawyers.com
jnesse@mhlawyers.com
*Counsel to Chapter 7 Trustee*

## CERTIFICATE OF SERVICE

I hereby certify that on October 13, 2026, I served a copy of the foregoing via first class mail, postage prepaid, upon the following:

Office of the United States Trustee
1725 Duke Street
Alexandria, VA 22314

/s/ Justin P. Fasano
Justin P. Fasano